IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MATTHEW BRENT GOODLETT,<br><br>　　　　　Defendant. | Case No. 3:12-cr-00064-RRB<br><br>**ORDER REGARDING MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE**<br>**(Docket 160)** |

## I.　INTRODUCTION

Defendant, Matthew Brent Goodlett, moves to this Court to modify his supervised release conditions, specifically, Special Condition Nos. 6 and 11.[1] The Government opposes any modification, arguing that "the supervised release conditions are necessary to accomplish the goals of supervised release and involve no greater deprivation of liberty than is reasonably necessary."[2]

There is no dispute that the district court has discretion pursuant to 18 U.S.C. § 3583 to impose special conditions of supervised release after considering the factors set

---

[1] Docket 160.
[2] Docket 161.

forth in 18 U.S.C. § 3553(a),[3] so long as they are "reasonably related" to the goals of supervised release and involve "no greater deprivation of liberty than is reasonably necessary."[4] The Court has imposed Special Condition Nos. 6 and 11 over Defendant's objection. He now argues that the Court should modify his conditions of supervised release because these conditions impose a greater burden on his liberties than necessary under the circumstances of this case.

## II. DISCUSSION

### A. Special Condition No. 6

**Special Condition No. 6 states**: *"You must not access, via the Internet or otherwise, any pornography or other materials depicting sexually explicit conduct as defined at 18 U.S.C. § 2256(2), without the prior approval of the treatment provider."*

Section 2256 is the federal statute criminalizing possession and distribution of child pornography. Defendant objects to the phrasing of this special condition on two grounds. First, Defendant argues that such a condition implicates First Amendment concerns, suggesting that the plain meaning of the definition of "sexually explicit conduct" in § 2256(2) would prohibit him from watching mainstream movies and television.[5] In *United States v. Gnirke*, the Ninth Circuit considered a similar condition. The probation officer in that case recommended a special condition that Gnirke "not possess any sexually

---

[3] *See United States v. Reardon*, 349 F.3d 608, 618 (9th Cir. 2003) (citing *United States v. Gallaher*, 275 F.3d 784, 793 (9th Cir. 2001)).
[4] *United States v. Aquino*, 794 F.3d 1033, 1038 (9th Cir. 2015) (quoting *United States v. Kennedy*, 643 F.3d 1251, 1259 (9th Cir. 2011)).
[5] Docket 160 at 5–6 (citing *United States v. Gnirke*, 775 F.3d 1155, 1158 (9th Cir. 2015)).

*United States v. Goodlett*     Case No. 3:12-cr-00064-RRB
Order Regarding Motion to Modify Conditions of Supervised Release (Docket 160)     Page 2
Case 3:12-cr-00064-RRB    Document 162    Filed 06/27/24    Page 2 of 7

explicit material involving children and/or adults, as defined by 18 U.S.C. § 2256(2)[.]"[6] Gnirke argued this restriction prevented him from viewing *anything* that depicted adult sexual activity, such as may be found in "popular non-pornographic films, television shows, and theater."[7] The Ninth Circuit determined that the condition, if read literally, deprived the defendant of more liberty than was reasonably necessary because "the district court tied the definition of adult 'sexually explicit conduct' to the statutory language in 18 U.S.C. § 2256(2)," which is "a statute intended to apply only to child pornography."[8] "Applied literally, the language of the condition would prevent Gnirke from viewing Oscar-winning films like *American Beauty* and *Brokeback Mountain,* television shows like *The Wire,* or sexually explicit works of art that appear in museums."[9] Noting that images of adult sexual activity are ubiquitous in advertisements and mainstream media, the Ninth Circuit found that Gnirke "could easily violate it by simply carrying on everyday activities like shopping, seeing a mainstream movie, reading a mainstream magazine, or watching television."[10] In order to remedy the condition in *Gnirke*, the Ninth Circuit opted to "construe the condition" to apply in a constitutional manner, restricting Gnirke's access to "sexually explicit conduct" involving children as defined by the statute, but by defining "sexually explicit conduct" involving adults as "explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by Gnirke's probation officer."[11]

---

[6] *Gnirke,* 775 F.3d at 1158.
[7] *Id.* at 1160.
[8] *Id.* at 1163.
[9] *Id.* at 1165.
[10] *Id.* at 1163.
[11] *Id.* at 1166.

*United States v. Goodlett*  Case No. 3:12-cr-00064-RRB
Order Regarding Motion to Modify Conditions of Supervised Release (Docket 160)  Page 3
Case 3:12-cr-00064-RRB   Document 162   Filed 06/27/24   Page 3 of 7

The Government argues that the Court and the probation officer explained at the disposition hearing that material depicting "sexually explicit conduct" in Special Condition No. 6 refers to both child and adult *pornography*, and not to mainstream media. "Accordingly, there should be no mistaken belief that the condition encompasses 'simulated sex' as one might encounter in popular media or in museums."[12] Although the Ninth Circuit opted in *Gnirke* to construe such overbroad language in a constitutional manner, this Court finds that it should be more precise in the language used in a special condition involving limitations on "sexually explicit" viewing material so as not to create the same confusion found in *Gnirke*.

Defendant's second issue with Special Condition No. 6 is that there is nothing in the record to explain why he should be prohibited from accessing otherwise-legal adult pornography.[13] The Ninth Circuit deemed this restriction reasonable on the facts of that case, finding that the intention was to prevent Gnirke from viewing otherwise-legal adult pornography based on the recommendation of psychologists who had evaluated him.[14] But Defendant suggests that this limitation should not apply to him because, unlike *Gnirke*, there are no psychological evaluations suggesting such restrictions are necessary. However, the Government argues that Defendant has been discharged from sexual offender treatment and mental health treatment for failure to engage, and has violated probation by having contact with minors and felons. The Court agrees that it does not need additional

---

[12] Docket 161 at 7.
[13] Docket 160 at 8.
[14] *Gnirke*, 775 F.3d at 1161–62.

*United States v. Goodlett*   Case No. 3:12-cr-00064-RRB
Order Regarding Motion to Modify Conditions of Supervised Release (Docket 160)   Page 4
Case 3:12-cr-00064-RRB   Document 162   Filed 06/27/24   Page 4 of 7

evidence to warrant placing restrictions on Defendant that could "put the defendant in the best position to avoid material that could pose a temptation or act as a gateway to more serious conduct."[15]

B. Special Condition No. 11

**Special Condition No. 11 states**: *You must not knowingly use, possess, purchase, distribute, or administer any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption, except with prior approval of the probation officer.*[16]

Defendant argues that these conditions impose a greater burden on his liberties than is necessary under the circumstances of this case.[17] Specifically, he argues that many prescribed medications would be considered a "psychoactive substance," meaning that his medical decisions may require preapproval by a probation officer unqualified to exercise medical judgment. Moreover, psychoactive substances include caffeine, nicotine, and common over-the-counter medications, none of which are public safety concerns. Defendant suggests an alternative special condition which states: *You must not use or possess any controlled substances, or a psychoactive substance that has been designed to mimic established illicit drugs, without a valid prescription from a licensed medical professional. If you do have a valid prescription, you must disclose the*

---

[15] Docket 161 at 6.
[16] The Court notes that this language is drawn directly from the Sample Special Condition Language approved by the United States Courts website. Perma | Appendix: Sample Special Condition Language (Probation and Supervised Release Conditions) | United States Courts.
[17] Docket 160 at 3.

*United States v. Goodlett* Case No. 3:12-cr-00064-RRB
Order Regarding Motion to Modify Conditions of Supervised Release (Docket 160) Page 5
Case 3:12-cr-00064-RRB Document 162 Filed 06/27/24 Page 5 of 7

*prescription information to your probation officer and follow the instructions on the prescription.*[18]

The Government again argues that the condition is not overbroad, while also acknowledging that a similar restriction was deemed "impermissibly vague," when a "court acknowledged that the spirit of the condition was not meant to prohibit the consumption of chocolate or coffee but could nonetheless be construed as such."[19] The Government also concedes that a prescription exception might be added subject to probation approval.[20]

### III. CONCLUSION AND ORDER

Defendant's complaint that the plain meaning of the definition of "sexually explicit conduct" in § 2256(2) would prohibit him from watching mainstream movies and television is well-taken, and was clearly addressed by the Ninth Circuit in *Gnirke*, which found that a similar "condition actually imposed sweeps too broadly by limiting [defendant's] access to *non*-pornographic depictions of 'sexually explicit conduct' involving only adults."[21] Special Condition No. 6 shall be modified to read:

> *You must not access, via the Internet or otherwise, any materials with depictions of "sexually explicit conduct" involving children, as defined by 18 U.S.C. § 2256(2). Additionally, you must not access, via the Internet or otherwise, any material considered to be "adult pornography" defined as "explicit sexually stimulating depictions of adult sexual conduct" that are deemed inappropriate by Defendant's probation officer.*

---

[18] *Id.* at 4.
[19] Docket 161 at 8 (citing *United States v. Aquino*, 794 F.3d 1033, 1037 (9th Cir. 2015)).
[20] *Id.* at 9.
[21] *Gnirke*, 775 F.3d at 1164.

It is further ordered, based on the briefing and the discussions at the May 15, 2024, hearing,[22] that Special Condition No. 11 shall be modified to read:

> *You must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption, except with the prior approval of the probation officer. If you have a valid prescription for a controlled substance, you must disclose the prescription information to the probation officer and follow the instructions on the prescription. This restriction does not include commonly used, non-prescription, legal, psychoactive substances (such as caffeine and nicotine) unless otherwise prohibited by these conditions.*

IT IS SO ORDERED this 27th day of June, 2024, at Anchorage, Alaska.

                                                */s/ Ralph R. Beistline*
                                                RALPH R. BEISTLINE
                                          Senior United States District Judge

---

[22] Docket 157 (text entry).

*United States v. Goodlett*            Case No. 3:12-cr-00064-RRB
Order Regarding Motion to Modify Conditions of Supervised Release (Docket 160)            Page 7
Case 3:12-cr-00064-RRB    Document 162    Filed 06/27/24    Page 7 of 7